No. 96-109

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

        Plaintiff and Respondent,

v.

DOUGLAS LEMIRE,

        Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           John Keith, Attorney at Law,
           Great Falls, Montana

       For Respondent:

           Hon. Joseph P. Mazurek, Attorney General,
           John Paulson, Assistant Attorney General,
           Helena, Montana

           D. Randy Winner, Assistant City Attorney,
           Great Falls, Montana

FILED

SEP 1 0 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Filed:

Submitted on Briefs:  July 11, 1996

Decided:  September 10, 1996

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The defendant, Douglas Lemire, was convicted in the City Court of the City of Great Falls of: (1) failure to identify himself after striking an unattended vehicle in violation of § 61-7-106, MCA; and (2) failure to obey the basic rule regarding speed restrictions in violation of § 61-8-303, MCA.

He appealed his conviction to the District Court for the Eighth Judicial District in Cascade County, and following a nonjury trial, was again found guilty and convicted of both charges.

Lemire appeals the District Court's judgment. We affirm the District Court.

The issue on appeal is whether there was sufficient evidence to support the judgment of the District Court.

## FACTUAL BACKGROUND

At approximately 6 p.m. on February 12, 1995, an orange pickup truck crashed into a burgundy Plymouth Voyager van which was legally parked at the 900 block of Seventh Avenue North in Great Falls. The collision resulted in damages to the van totalling $1500.

2

At trial, the State called as witnesses David Morgan and Vena Morgan who resided at 922 Seventh Avenue North and heard the impact of the collision. Although neither actually witnessed the collision, both were able to view the scene of the accident just seconds after the impact. Both witnesses testified that an orange pickup backed up from the van and proceeded down Seventh Avenue North. According to the Morgans, the driver then parked the orange pickup, got out, and entered a residence located at 909 Seventh Avenue North. Neither witness was able to accurately describe the driver of the vehicle. Vena Morgan described the driver as being "fairly tall" when, in fact, Lemire is only 5'5" tall. David Morgan stated that the driver was wearing "blue jeans" when, in fact, Lemire was wearing white pants. Despite these discrepancies, both witnesses were certain of the events immediately following the collision and the description of the vehicle involved.

Bill Lahr testified that he lived at 909 Seventh Avenue North on the night in question, and that he was a co-worker of Lemire. He stated that Lemire had come to his home for a one-half hour visit at approximately 6 p.m. on that date.

Officer Keith Kercher of the Great Falls Police Department investigated the collision. He testified regarding the damage done to the van and the manner in which the collision occurred. He related that after questioning the Morgans and then Lahr, he located Lemire's pickup at the Heritage Inn where he worked. The officer inspected the pickup, found scratches and flecks of maroon-colored paint on the pickup, and determined that the paint

3

flecks matched the color of the damaged van. Lemire denied any involvement in the collision, but admitted that he owned the orange pickup, that he had visited Lahr earlier in the evening, and that he was the only person who had driven the orange pickup that evening.

## DISCUSSION

Was there sufficient evidence to support the judgment of the District Court?

When we review the sufficiency of evidence in a criminal case, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Brogan* (1993), 261 Mont. 79, 87, 862 P.2d 19, 24.

Lemire claims that there was insufficient evidence to support his conviction because he was not identified as the driver of the offending vehicle. This Court has recognized that an essential element of the State's burden of proof in a criminal case is the identification of the defendant as the perpetrator of the crime. *State v. Stringer* (1994), 263 Mont. 295, 301, 868 P.2d 588, 591. In support of his claim, Lemire points to the lack of eyewitnesses to the actual collision; the discrepancies in David Morgan's and Vena Morgan's descriptions of the driver when compared to him; the lack of significant damage to his pickup, and the failure of Officer

4

Kercher to obtain samples of the paint found on Lemire's pickup bumper and compare it to the paint on the van.

However, in *Stringer* we held that "a state can satisfy its burden of proving identity through circumstantial evidence." *Stringer*, 263 Mont. at 301, 868 P.2d at 591. In fact, circumstantial evidence may, even by itself, be sufficient to sustain a conviction. *State v. Bromgard* (1993), 261 Mont. 291, 295, 862 P.2d 1140, 1142. Furthermore, even where, as in this case, the State's proffered evidence contains discrepancies or is met with conflicting evidence produced by the defendant, it does not necessarily follow that the State's evidence was insufficient to sustain a conviction. As we have recognized, it is within the province of the trier of fact to resolve inconsistencies in the circumstantial evidence; and "[w]hen circumstantial evidence is susceptible of two interpretations, one supporting guilt and the other supporting innocence, the trier of fact determines which is most reasonable." *Bromgard*, 261 Mont. at 295, 862 P.2d at 1142.

Ultimately, Lemire's brief does nothing more than ask this Court to review the facts of the case and decide that the District Court erred in its resolution of the factual issues. That is not our role. It is well established that issues of evidentiary weight and witness credibility are exclusively within the province of the trier of fact and that, when such evidence conflicts, the trier of fact must weigh that evidence. *State v. Bower* (1992), 254 Mont. 1, 8, 833 P.2d 1106, 1111. Furthermore, the trier of fact is authorized

5

to make reasonable inferences based on the circumstantial facts in evidence. *Brogan*, 261 Mont. at 89, 862 P.2d at 26.

The evidence presented by the State, along with the permissible inferences drawn therefrom, was sufficient to support Lemire's conviction. The evidence included: (1) the testimony from David Morgan, Vena Morgan, and Bill Lahr; (2) the observations and independent investigation made by Officer Kercher; and (3) several admissions made by Lemire himself. The District Court noted that the Morgans were practically eyewitnesses to the collision, and that both watched as a distinctive orange pickup pulled away from the damaged van only moments after the collision. The witnesses then saw the pickup park near Lahr's residence, and saw the male driver emerge from the pickup and enter Lahr's home. Lahr later confirmed that such a visit had taken place. Officer Kercher found pieces of paint on the bumper of Lemire's pickup that resembled the paint on the van. Lemire admitted owning the orange pickup, that he had visited Lahr during the time in question, and that he was the only person who had driven his orange pickup on that day.

We hold that, when viewed in the light most favorable to the prosecution, the evidence was sufficient to allow a rational trier of fact to find the essential elements of the crimes charged beyond a reasonable doubt. Accordingly, we affirm the judgment of the District Court.

_____
Justice

6

We concur:

_____
                Chief Justice

_____

_____

_____
                Justices

7

September 10, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John Keith
Attorney at Law
322 Strain Bldg.
Great Falls, MT 59401

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

D. Randy Winner, Esq.
Asst. City Attorney
P.O. Box 5021
Great Falls, MT 59403-5021

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy